

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

ENTERED
10/10/2013

| | |
|---|---|
| IN RE: § | |
| FREDERICK A. MCCULLOCH; dba § | CASE NO: 12-20084 |
| FREEDOM BIBLE RESEARCH § | |
| INSTITUTE, A FREE CHURCH; aka § | |
| BODY OF CHRIST CAMP, BETTY A. § | |
| MCCULLOCH § | |
|     Debtor(s) § | |
| | CHAPTER 7 |

## MEMORANDUM OPINION AND ORDER ON MOTION FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION

Before the court is the Debtor's Motion for Sanctions for Violation of the Discharge Injunction. Frederick A. McCulloch and Betty A. McCulloch (the "Debtors") complain that the continuation of a lawsuit in the 285th Judicial District Court of Bexar County, Texas, Cause No. 2009-C1-00467 (the "State Court Lawsuit") against them following the granting of a Chapter 7 discharge violated the discharge injunction of 11 U.S.C. §524(a).

### BACKGROUND

In 2009, Frances McClintock individually and as next friend of Siobahn McClintock ("McClintock") filed the State Court Lawsuit against 17 defendants. Among the defendants were the Debtors individually and the Debtors "d/b/a Freedom Bible Research Institute a/k/a Body of Christ Camp." Perhaps as a result of the lawsuit, the Debtors filed for Chapter 7 Bankruptcy relief on February 16, 2012. On May 18, 2012, McClintock filed a Motion for Relief from the Stay seeking permission to liquidate their claim against the Debtors in the State Court Lawsuit. Without opposition an Order for Relief was granted authorizing the State Court Lawsuit to go forward to judgment, but not to seek any collection.

Subsequently, McClintock participated in the bankruptcy proceedings, attending the 341 meeting of creditors and filing a proof of claim. However, McClintock did not object to the Debtors' discharge.  On December 11, 2012, the Debtors received their Chapter 7 discharge.

In their petition, Debtors' stated, in the box labeled "All other Names used by the Debtor in the last 8 years" that they used the names "d/b/a Freedom Bible Research Institute, a Free Church; a/k/a Body of Christ Camp."  The Debtors operated a camp known as the Body of Christ Camp (the "Camp") located on 113 acres in Nueces County.  The Debtors throughout their bankruptcy contended that the Camp was owned by the Freedom Bible Institute, a Free Church (the "Church") a separate entity for which they claimed to be "the stewards".  At the Debtors' 341 meeting of creditors, in response to questions from McClintock's attorney, Debtors' attorney confirmed that the Debtors were not attempting to discharge any of the financial obligations of the Church or the Camp, but only the Debtor's individually or Debtor's individually under one of the assumed names listed in their schedules.

Following the lifting of the stay, despite the Debtor's written and oral statement to this court, to the Chapter 7 Trustee, and to McClintock's attorneys that the Camp was owned by the Church and not Debtors, McClintock did not amend their State Court pleadings to include the Church or the Camp as a separate entity. McClintock did, however, settle with the other State Court defendants and sought to go forward against the Debtors and the Debtors d/b/a the Church, a/k/a the Camp. Debtors allege that they expended $26,000 in attorney's fees and $767.16 in expenses prosecuting this motion.

## DISCUSSION

"The discharge injunction granted by section 524(a) is a substantive right conferred by the Bankruptcy Code, often enforced by a motion for contempt." *In re National Gypsum Co*.,

118 F.3d 1056, 1063 (5th Cir. 1997). If a creditor's violation of the discharge injunction is willful, the creditor may be liable for contempt under 11 U.S.C. § 105. *In re Poole*, 242 B.R. 104, 110 (Bankr. N.D.Ga. 1999). "As with the test for violations of the automatic stay, violation of the discharge injunction is 'willful' if the creditor knew the discharge injunction was invoked and intended the actions which violated the discharge injunction." Id. " In order to support a finding of contempt under 11 U.S.C. § 524(a)(2), there must be showing that the order of discharge alleged to have been violated is specific and definite and that the offending party has knowledge of the court's order." *In re Contreras*, 2007 Bankr. LEXIS 181, at *3-4 (Bankr. S.D.Tex. Jan. 26, 2007)(citing, *In re Poole*, 242 B.R. 104, 110 (Bankr.N.D.Ga. 1999)); *see also Davis v. Farm Bureau Bank,* 2008 U.S. Dist. LEXIS 52241, at *5 (W.D. Tex. Apr. 30, 2008) ("Violation of the discharge injunction with notice of the discharge injunction is subject to a contempt remedy under 11 U.S.C. § 105(a). To find a creditor in civil contempt the court must find that the offending party knowingly violated a definite and specific court order.")

It is undisputed that the Debtors and the Debtors d/b/a the Church a/k/a the Camp are discharged. BNC notice of the discharge was sent to McClintock and their attorneys on December 13, 2012. McClintock violated the discharge injunction by continuing his efforts against the Debtors in the State Court Lawsuit. The Debtors were the only parties left in the State Court Lawsuit, McClintock sought to move the State Court Lawsuit forward against the Debtors and has refused to dismiss them despite demand to do so by the Debtors.

To the extent that the Church or the Camp exist as a separate entity or entities, they have not been discharged. Whether McClintock can now amend the State Court Lawsuit to include any new entity is not before this court. Such an amendment would not violate the discharge

injunction because the Debtors are now estopped from claiming that they own either the Church or the Camp.

Moreover, McClintock's reliance upon the pre-discharge lifting of the stay is misplaced. Section 524(a)(2) of the Bankruptcy Code provides for a broad injunction against not only legal proceedings but also any other acts to collect a discharged debt. While the Section does not apply to debts which have been excepted from discharge under 11 U.S.C. §523, no such action was taken by McClintock. The automatic stay provided by Section 362 remains in place until a discharge is granted or denied. 11 U.S.C. §362(d)(2)(c)   If a discharge is granted, the injunction of 11 U.S.C. §524 replaces the automatic stay upon discharge. Even if the Stay is lifted during the case, the discharge injunction begins at discharge and is unaffected by an order lifting the stay.

## CONCLUSION

McClintock willfully violated the discharge injunction. McClintock is ordered to immediately dismiss Frederick A. McCulloch and Betty A. McCulloch and Frederick A. McCulloch and Betty A. McCulloch d/b/a Freedom Bible Research Institute a/k/a Body of Christ Camp from the State Court Lawsuit. Debtors are entitled to recover as sanctions the damages associated with such violation, which the court finds to be $5,000 in attorney's fees and $767.16 in expenses.

It is so ORDERED.

SIGNED 10/10/2013.

                                                                        RICHARD S. SCHMIDT
                                                                        UNITED STATES BANKRUPTCY
                                                                        JUDGE